**Cley JACKSON, Petitioner-Appellant,**

v.

**Wilburn C. JOHNSON, Warden, Respondent-Appellee.**

**No. 16291.**

United States Court of Appeals Sixth Circuit.

Aug. 4, 1966.

John J. Archer (Court Appointed), Nashville, on the brief, for appellant.

Henry C. Foutch, Asst. Atty. Gen., David W. McMackin, Sp. Counsel of Tennessee, Nashville, Tenn., George F. McCanless, Atty. Gen., and Reporter of Tennessee, on the brief, for appellee.

Before: WEICK, Chief Judge, CELEBREZZE, Circuit Judge, and GORDON*, District Judge.

PER CURIAM.

Petitioner-appellant, Cley Jackson, appeals from a judgment of the District Court denying his petition for habeas corpus. Cley Jackson was indicted in Shelby County, Tennessee in 1959 for the offense of rape and assault with intent to commit murder in the first degree. Approximately three weeks before his arraignment and plea of guilty, Jackson was appointed counsel. He received a five year sentence for the offense of assault to commit murder in the first degree, and life imprisonment for the offense of rape. At the time of Jackson's arrest he was seventeen years old. He was taken before the Juvenile Court of Shelby County to determine if the charges were within the jurisdiction of the Juvenile Court. Pursuant to T.C.A., Section 37–265[1] the cause against him

---

* Honorable James F. Gordon, United States District Judge for the Western District of Kentucky, sitting by designation.

1. T.C.A., Section 37–265. "Remand of child suspected of rape or murder. If upon the investigation of any cause coming under the terms of this chapter, the judge of the juvenile court shall conclude that there is probable cause to be-

lieve that the child has been guilty of the crime of rape, murder in the first degree, or murder in the second degree, the court shall at once dismiss said cause and assume no further jurisdiction thereof than at once to remand said child to the sheriff of the county, to be dealt with for his alleged offense, as provided in criminal laws."

was dismissed and Jackson was remanded to the Sheriff of the County to be tried under the criminal laws of Tennessee.

Petitioner raises the constitutional question of whether he was entitled to the appointment of counsel during the proceedings in the Shelby Juvenile Court.

In placing constitutional safeguards in criminal proceedings within the context of Juvenile Court proceedings, the Supreme Court in Kent v. United States, 383 U.S. 541, 554, 86 S.Ct. 1045, 1054, 16 L.Ed.2d 84 (1966), stated:

> "The theory of the District's Juvenile Court Act, like that of other jurisdictions, is rooted in social welfare philosophy rather than in the corpus juris. Its proceedings are designated as civil rather than criminal. The Juvenile Court is theoretically engaged in determining the needs of the child and of society rather than adjudicating criminal conduct. The objectives are to provide measures of guidance and rehabilitation for the child and protection for society, not to fix criminal responsibility, guilt and punishment. The State is *parens patriae* rather than prosecuting attorney and judge. But the admonition to function in a 'parental' relationship is not an invitation to procedural arbitrariness. \* \* \*

> "There is much evidence that some juvenile courts, including that of the District of Columbia, lack the personnel, facilities and techniques to perform adequately as representatives of the State in a *parens patriae* capacity, at least with respect to children charged with law violation. There is evidence, in fact, that there may be grounds for concern that the child receives the worst of both worlds: that

he gets neither the protection accorded to adults nor the solicitous care and regenerative treatment postulated for children.

> "This concern, however, does not induce us in this case to accept the invitation to rule that constitutional guaranties which would be applicable to adults charged with the serious offenses for which Kent was tried must be applied in juvenile court proceedings concerned with allegations of law violation."

Our present case is not presented with the problem of waiver of jurisdiction by the Juvenile Court[2], Kent v. United States, supra; Black v. United States, 355 F.2d 104 (C.A., Dist. of Columbia, 1965); or admissibility of evidence; Harling v. United States, 111 U.S.App. D.C. 174, 295 F.2d 161 (1961); Edwards v. United States, 117 U.S.App.D.C. 383, 330 F.2d 849 (1964).

The balancing of competing ideas for the protection of the rights of the juvenile offender is a delicate process. Since the proceedings are in the nature of civil procedures, certain safeguards are provided. Under T.C.A., Section 37–266, evidence obtained in a juvenile court proceeding cannot be used against him in any other civil or criminal proceeding. See Harling v. United States, supra, and Edwards v. United States, supra.

Here the Juvenile Court did not waive jurisdiction pursuant to T.C.A., Section 37–264, but remanded the proceeding pursuant to the requirements of T.C.A., Section 37–265. Under the facts of this case, where Jackson was provided counsel prior to his arraignment and voluntarily plead guilty, we find no constitutional right denied to Jackson. Judgment affirmed.

---

**2.** Waiver of Jurisdiction is found in T.C.A., Section 37–264: "Child held for prosecution and sentencing as adult—Authority of court. The juvenile court after full investigation and hearing may order a child held for prosecution and sentencing as an adult in the court which would have jurisdiction if the child were an adult when: (a) A child sixteen (16) years of age or over is alleged to have committed an act which would have been a felony if committed by an adult, and a finding is made by the juvenile court that the child is not feebleminded or insane, is not reasonably susceptible to the corrective treatment in any available institution or facility within the state designed for the care and treatment of children or that the safety of the community requires the child to continue under restraint for a period extending beyond his twenty-first birthday."