STATE OF TENNESSEE ex rel.
WILLIE DONEHUE, Plaintiff-in-Error,

*v.*

LAKE F. RUSSELL, Warden, Defendant-in-Error.

429 S.W.2d 818.

*(Knoxville,* September Term, 1967.)

Opinion filed December 11, 1967.

Petition for Rehearing Denied December 27, 1967.

J. F. DiRisio, Chattanooga, of counsel, KELLEY, DiRisio, Chattanooga, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, and GEORGE W. McHENRY, JR., Assistant Attorney General, Nashville, for defendant in error.

Mr. Justice Chattin delivered the opinion of the Court.

This is an appeal from a judgment of the trial court dismissing a petition for the writ of habeas corpus. On September 17, 1963, petitioner was tried and convicted in the Criminal Court of Hamilton County for the offense of murder in the first degree. He was sentenced to a term of twenty-five years and one day in the State Penitentiary.

In November, 1966, he filed his petition for the writ of habeas corpus. After a hearing, the trial judge denied the petition.

The alleged crime occurred on the night of June 16, 1963, at which time petitioner was only seventeen years of age. His birth occurred on May 2, 1946.

Immediately after the alleged murder, petitioner fled to Rome, Georgia, where he remained until June 24, 1963.

On June 21, 1963, A. L. Dempsey, a Deputy Sheriff, swore out a warrant before the Clerk of the General Sessions Court charging petitioner with the murder of Larry Campbell.

On the same day, June 21, 1963, an order was entered in the Juvenile Court of Hamilton County, which we quote:

"In this matter, evidence having been presented to me concerning the charge of murder against the said Willie Arthur Donahue and I have considered the facts, find that Willie Arthur Donahue is guilty of murder in the first degree or murder in the second degree.

"I, therefore, conclude that the Juvenile Court does not have jurisdiction to finally dispose of said matter.

"It is, therefore, ordered that the matter be dismissed in the Juvenile Court and the same is hereby remanded to the Sheriff of Hamilton County, Tennessee, to proceed as if the said Willie Arthur Donahue was an adult defendant.

"This 21st day of June, 1963.
Burrell W. Barker
Judge of the Juvenile Court."

Relatives of petitioner employed Honorable Hager Odum, a reputable Attorney at the Chattanooga Bar, to represent petitioner.

On June 24, 1963, Mr. Dempsey and Mr. Odum went to Rome, Georgia, and returned petitioner to the Hamilton County jail. His preliminary hearing was had on June 25, 1963, in the Court of General Sessions. Mr. Odum represented petitioner at the hearing. The State introduced proof. The defense offered no evidence. Petitioner's case was bound over to the grand jury.

After the trial and conviction of petitioner, a motion for a new trial was made which was overruled and an appeal was prayed and granted but was not perfected. On January 7, 1964, petitioner was transferred to the State Penitentiary.

Petitioner testified at the hearing on the petition for the writ of habeas corpus. He stated after he was returned to Hamilton County he was questioned by officers relative to the murder and his statements were used as evidence in his trial in violation of his constitutional rights.

The Clerk of the Juvenile Court testified a hearing was not held before the Juvenile Judge although the order which we have quoted was entered in that court.

A. L. Dempsey and Robert Sumnar, an Assistant District Attorney General, testified no confession was elicited from the petitioner nor were any statements of petitioner, which may have been made to an officer or officers, introduced at the trial.

Petitioner insists his conviction was void because he was not afforded a hearing before the Juvenile Judge in accordance with T.C.A. Sections 37-252 et seq.

To support this contention, petitioner cites and relies upon the authority of *Kent v. United States*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966).

In Kent the juvenile had an Attorney. The Juvenile Court failed to rule on certain motions made by the Attorney. The Juvenile Court waived jurisdiction of Kent, who was then indicted and convicted of felonies. The Juvenile Court did not conduct a hearing relating to the question whether jurisdiction of Kent should be waived.

The United States Supreme Court was concerned with the construction of a District of Columbia statute which provides, after a full investigation, the Juvenile Court may waive its jurisdiction of a juvenile so the juvenile may be held for trial according to adult procedure.

Mr. Justice Fortas summarized the Court's views in Kent, as follows:

"The net, therefore, is that petitioner—then a boy of 16— was by statute entitled to certain procedures and benefits as a consequence of his statutory right to the 'exclusive' jurisdiction of the Juvenile Court. In these circumstances, considering particularly that decision as to waiver of jurisdiction and transfer of the matter to the District Court was potentially as important to petitioner as a difference between five years confinement and a death sentence, we conclude that, as a condition to a valid waiver order, petitioner was entitled to a hearing, including access by his counsel to the social records and probation or similar reports which presumably are considered by the court, and to a statement of reasons for the juvenile court's decision. We believe that this result is required by the statute read in the context of constitutional principles relating to due process and the assistance of counsel."

It is apparent the holding in the Kent case was based on the fact the Juvenile Court had exclusive jurisdiction of Kent.

We think Kent is inapplicable in the instant case. Petitioner was not remanded to the criminal court under our waiver of jurisdiction statute, T.C.A. Section 37-264, but under the mandatory provisions of T.C.A. Sections 37-231, which was in effect during 1963.

T.C.A. Section 27-252 provides when a child is arrested on any criminal process such child shall be taken directly before the Juvenile Court; or if the child is taken before any other court having jurisdiction of the offense, such court shall transfer the case to the Juvenile Court.

■ T.C.A. Section 37-264 provides, in certain enumerated cases, "the juvenile court after full investigation and hearing may order a child held for prosecution and sentencing as an adult in the court which would have jurisdiction if the child were an adult." Under this statute, the Juvenile Court has exclusive jurisdiction of certain crimes alleged to have been committed by a juvenile. Whether that court will waive jurisdiction for such alleged offenses is a matter of discretion after an investigation and hearing.

T.C.A. Section 37-231, which was in effect during 1963, provided:

"If upon investigation of any cause coming under the terms of this chapter, the judge of the juvenile court shall conclude that there is probable cause to believe that the child has been guilty of the crime of rape, murder in the first degree, or murder in the second degree, the court shall at once dismiss said cause and assume no further jurisdiction thereof then at once to remand said child to the sheriff of the county, to be dealt with for his alleged offense, as provided in criminal law."

■ Under this Section, the Juvenile Court had no jurisdiction which could have been waived. It was mandatory for the Juvenile Court to remand such juvenile to the Criminal Court.

A preliminary hearing by the Juvenile Court was not required as a means of conferring jurisdiction upon the Criminal Court. *Howland v. State,* 151 Tenn. 47, 268 S.W. 115 (1924).

■ The provision which required the Juvenile Court, when it appeared there was probable cause to believe the

child guilty of the crime of rape, murder in the first degree, or murder in the second degree; to dismiss the cause and remand the child to the sheriff of the county to be dealt with was intended only to facilitate the jurisdiction of the Criminal Court over such offenses where the child had been arrested under the provisions of the Act. This provision strengthens the construction the Circuit Court along had jurisdiction of offenses of rape, murder in the first degree and murder in the second degree committed by juveniles, and it in no way repealed or modified the general provision of the criminal law with respect to offenses of this character. *Templeton v. State,* 146 Tenn. 272, 240 S.W. 789 (1922).

It is next insisted the trial judge erred in failing to find petitioner was denied his right to Counsel, a court reporter, and an opportunity to appeal.

██ We find no merit in this insistence. The record clearly shows petitioner was represented by retained Counsel. No request was made for a court reporter. Nor was the State required to furnish a court reporter.

The record further shows the trial judge allowed petitioner sixty days within which to perfect an appeal. There is no evidence in the record the failure to perfect the appeal was the fault of the State.

██ It was necessary for the petitioner to show performance of the prescribed requirements for taking an appeal was interfered with by some unjustifiable statements, actions or omissions of the retention authorities. *State ex rel. Ves v. Bomar,* 213 Tenn. 487, 376 S.W.2d 446 (1964); 19 A.L.R.2d 789.

██ Moreover, petitioner was represented by competent, retained Counsel and his failure to perfect the

618

appeal was an act of neglect or default which is not peculiar to an indigent client. Such conduct between Counsel and client is private conduct and not State action. The Fourteenth Amendment is directed at State action and not at the action of private individuals. *State ex rel. Dych v. Bomar,* 213 Tenn. 699, 378 S.W.2d 772 (1964).

Finally, it is argued that the trial judge was in error in finding the petitioner's privilege against self-incrimination was not violated.

The witnesses, Dempsey and Sumnar, as noted, testified no statements of petitioner were introduced into the evidence at the original trial.

We cannot hold, on the record before us, the evidence preponderates against the finding of the trial judge petitioner's constitutional right against self-incrimination was not violated. Unless the evidence preponderates against such a finding this Court will not reverse. *State ex rel. Johnson v. Mainard,* 188 Tenn. 501, 221 S.W.2d 531 (1949); *State ex rel. Hall v. Meadows,* 215 Tenn. 668, 389 S.W.2d 256 (1965).

We are of the opinion the Criminal Court had jurisdiction of the offense and the person and the judgment is valid.

It results the assignments of error are overruled and the judgment of the trial court is affirmed.

BURNETT, CHIEF JUSTICE, and DYER, CRESON and HUMPHREYS, JUSTICES, concur.

On Petition for a Rehearing.

MR. JUSTICE CHATTIN.

An earnest and forceful petition for a rehearing has been filed on behalf of Donehue.

It is insisted we overlooked the fact the trial judge dismissed Donehue's appeal in his original case which was State action.

The record shows the trial judge gave defendant, who was represented by employed Counsel, five days' notice the time for preparing a bill of exceptions had expired and his appeal would be dismissed.

It is insisted the trial judge knew Donehue could not answer the notice since he was in jail at the time. However, there is no showing that Donehue could not have contacted his Attorney.

■■■ Moreover, there is no showing the failure of the trial judge to have the technical record made up and filed in this Court for review was prejudicial to Donehue.

The technical record is still available to Donehue. If, in fact, the technical record shows the convention was void, then Donehue has a remedy.

■■■ A petition for a writ of habeas corpus cannot be employed to review or correct errors of law or fact allegedly committed by a court of competent jurisdiction. *State ex rel. George v. Bomar,* 216 Tenn. 82, 390 S.W.2d 232 (1965).

This Court has said many times that a petition for writ of habeas corpus seeking the release of one imprisoned under a judgment is a collateral attack upon such judgment, and not a direct attack, and cannot prevail unless the judgment is void. *State ex rel. Byrd v. Bomar,* 214 Tenn. 476, 381 S.W.2d 280 (1964).

620

 The mere fact the trial judge erroneously dismissed the appeal after the time for filing the bill of exceptions had expired would not ipso facto void the judgment.

The burden of showing the invalidity of the judgment of conviction is upon petitioner.

The petition is denied.