# VERNON LEE SHEPARD and BOBBY LEE OWENS, Plaintiffs in Error, v. C. MURRAY HENDERSON, Warden, Defendant in Error.

Court of Criminal Appeals of Tennessee. Oct. 20, 1969.

Ceritorari Denied by Supreme Court Jan. 19, 1970.

696

Hugh W. Stanton, Jr., Memphis, for plaintiffs in error.

George F. McCanless, Atty. Gen., Albert D. Noe, IV, Asst. Atty. Gen., Nashville, Tenn., Billy F. Gray, Sam J. Catanzaro, Jr., Asst. Dist. Attys. Gen., Memphis, for defendant in error.

## OPINION

OLIVER, Judge.

Vernon Lee Shepard, and Bobby Lee Owens, the plaintiffs in error and petitioners below, appeal to this Court from the judgment of the Criminal Court of Shelby County dismissing their joint habeas corpus petition after a full evidentiary hearing.

Represented by the court-appointed attorney from the Shelby County Public Defender's Office, the petitioners were convicted in the Criminal Court of Shelby County on June 16, 1964 upon pleas of guilty of armed robbery, for which they received the minimum sentence of 10 years imprisonment in the penitentiary; petit larceny, for which they were sentenced to a minmum of one year; and two separate third degree burglaries, in each of which they received the minimum sentence of three years in the penitentiary. The court ordered concurrent service of some of the sentences, with the result that Shepard's effective sentence is 14 years and Owens' is 13 years.

In their habeas corpus petition, Shepard's contentions are that he was arrested without a warrant, was beaten

by officers and forced to confess to several different crimes; that he was refused permission to contact a lawyer or his family; and that he was not advised of his right to counsel at the prelminiary hearing at which he entered a guilty plea. Owens contends that he was only 16 years of age when arrested on May 6, 1964 and confined in the juvenile quarters for boys; that on May 8, 1964 he appeared without counsel before the juvenile judge and was by that court declared to be incorrigible and was turned over to the police to be dealt with as an adult; that at police headquarters he was then confronted with Shepard's confession implicating him, and that he was then beaten and physically abused and forced to sign a confession.

Both petitioners further insist in their petition that they were never advised of their rights to counsel or that they had a right to remain silent; that they did not have any opportunity to talk to an attorney until their appointed counsel conferred with them for about 10 minutes on the day of their arraignment (this referred to the day of trial) at which time he discussed with them their confessions and Shepard's plea of guilty at his preliminary hearing and advised them of the sentences which the District Attorney General would recommend if they pleaded guilty, and that they agreed to plead guilty upon that basis; that the District Attorney General read the indictments to the jury, stated that the petitioners were pleading guilty to each charge and that the State was recommending 14 years imprisonment for Shepard and 13 years for Owens; and that the jury accepted those recommendations and they were sentenced accordingly without introduction of any evidence as required by T.C.A. § 40-2310.

In their Assignments of Error the petitioners insist that the trial court erred in failing to find that they were coerced to plead guilty at their trial. This insistence overlooks their positive evidentiary-hearing testimony that it was their own decision to plead guilty after their court-appointed counsel explained and they considered the maximum sentences confronting them, including death for the armed robbery, and the minimum sentences offered by the State upon pleas of guilty.

This record leaves no doubt whatsoever that at their original trial these petitioners, realizing fully the seriousness of the charges and the severity of the punishment provided by law, recognized that it was to their great advantage to accept the minimum sentences which their court-appointed counsel had been able to negotiate with the District Attorney General, and that they intelligently and understandingly and voluntarily decided to plead guilty and accept those minimum sentences. There can be no question that the petitioners knowingly and voluntarily entered pleas of guilty in their original trial, concurring in the advice of competent counsel appointed to represent them, fully cognizant that by doing so and by accepting the minimum punishment of 10 years imprisonment under the statute for the capital offense of armed robbery, they thereby obviated the possibility of a much more severe sentence upon a plea of not guilty, including death or imprisonment for life. (T.C.A. § 39-3901). Likewise, by accepting the minimum punishment of three years imprisonment upon their pleas of guilty in each of the two third degree burglary cases, they avoided possible maximum sentences of 10 years in each case upon a plea of not guilty (T.C.A.

§ 39-904), and Shepard thus avoided a possible five-year maximum for petit larceny. (T.C.A. § 39-4204).

The rule has long been firmly established and settled that a plea of guilty, understandingly and voluntarily entered on the advice of counsel, constitutes an admission of all facts alleged and a waiver of all non-jurisdictional and procedural defects and constitutional infirmities, if any, in any prior stage of the proceeding. State ex rel. Edmondson v. Henderson, 220 Tenn. 605, 421 S.W.2d 635; Reed v. Henderson, 385 F.2d 995 (6th Cir. 1967); Moore v. Rodriguez, 376 F.2d 817 (10th Cir. 1967); Briley v. Wilson, 376 F.2d 802 (9th Cir. 1967); Salazar v. Rodriguez, 371 F.2d 726 (10th Cir. 1967); McCord and Anglin v. Henderson, 384 F.2d 135 (6th Cir. 1967); Gray v. Johnson, 354 F.2d 986 (6th Cir. 1965); Gallegos v. Cox, 358 F.2d 703 (10th Cir. 1966).

The law is also settled that a guilty plea is not rendered involuntary by the fact that the accused is faced with an election between a possible death sentence on a plea of not guilty and a lesser sentence upon a guilty plea. Cooper v. Holman, 356 F.2d 82 (5th Cir. 1966).

Moreover, there is a presumption that in entering pleas of guilty, court-appointed counsel for an accused acts properly and with his knowledge and consent. Tibbett v. Hand, 294 F.2d 68 (10th Cir. 1961); Norvell v. Illinois, 373 U.S. 420, 83 S.Ct. 1366, 10 L.Ed.2d 456.

The fact that the petitioners were represented by competent counsel at the time they entered their guilty pleas is "a factor which strongly militates against the

conclusion that the plea was involuntary." Reed v. Henderson, supra.

██ The petitioners' fourth Assignment of Error, to the effect that the Court should have sustained their petition upon the ground that their arrest was illegal, is unmeritorious. Aside from the long-settled rule of law that there is no constitutional immunity from an unlawful arrest, Harris v. State, 206 Tenn. 276, 332 S.W.2d 675, by their voluntary pleas of guilty the petitioners waived all questions regarding the legality of their arrest. In *McCord and Anglin,* supra, the same question was specifically considered and decided adversely to the petitioners' contentions:

> "Petitioners claim they were arrested on suspicion and without warrants, by officers of Maury County, Tennessee, acting without permission in Davidson County, Tennessee. We need not examine this claim if the petitioners voluntarily entered pleas of guilty, for such pleas constitute a waiver of nonjurisdictional defenses to the conviction. Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302 (1942); U.S. ex rel. Maisenhelder v. Rundle, 349 F.2d 592 (C.A. 3, 1965); Davis v. U.S., 347 F.2d 374 (C.A. 9, 1965). '[T]he power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a "forcible abduction." ' Frisbie v. Collins, 342 U.S. 519, 522, 72 S.Ct. 509, 511, 96 L.Ed. 541 (1952)."

██ Likewise, the petitioners cannot prevail in their eighth Assignment of Error wherein they contend that their confessions were coerced and invlountary. In the

first place, the evidence fails to support that position. The burden of proving this allegation, as well as all others in their petition, was on the petitioners. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 381 S.W.2d 290; State ex rel. George v. Bomar, 216 Tenn. 82, 390 S.W. 2d 232; State ex rel. Lawrence v. Henderson (Tenn. Crim.App.), 433 S.W.2d 96.

■ The petitioners' uncorroborated testimony does not sustain the burden of proof resting upon them, or justify granting the writ of habeas corpus, where the judgment is regular upon its face and entitled to the presumption of validity. Tibbett v. Hand, 185 Kan. 770, 347 P.2d 353, 355, cert. den. 363 U.S. 854, 80 S.Ct. 1634, 4 L.Ed.2d 1736; Tibbett v. Hand, 294 F.2d 68 (10th Cir. 1961); Farrell v. O'Brien, 189 F.2d 540 (1st Cir. 1951), cert. den. 342 U.S. 839, 72 S.Ct. 64, 96 L.Ed. 634.

■ But equally important, and following inexorably from the rule that a voluntary and knowledgeable plea of guilty waives all prior non-jurisdictional and procedural defects and constitutional infirmities, if any, such a plea also constitutes a waiver of alleged prior involuntary custodial confessions or admissions. A guilty-plea conviction is based entirely upon the plea. Such a plea constitutes a conviction in and of itself and is conclusive. Brooks v. State, 187 Tenn. 67, 213 S.W.2d 7; State ex rel. Barnes v. Henderson, 220 Tenn. 719, 423 S.W.2d 497; Reed v. Henderson, supra; Kercheval v. U.S., 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009; Machibroda v. U.S., 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473. Having entered such a plea, the accused may not thereafter raise and rely upon such constitutionally inadmis-

sible confessions in a habeas corpus or post-conviction proceeding. Reed v. Henderson, 385 F.2d 995, supra. "Conviction and sentence following a plea of guilty are based entirely upon the plea and not upon any evidence which may have been improperly acquired by the prosecuting authorities." Reed v. Henderson, supra.

What we have just said also effectively disposes of the sixth Assignment of Error which complains that, contrary to T.C.A. § 40-2310, no evidence was presented to the jury at the time they entered their pleas of guilty. But this contention is foreclosed upon other grounds. In State ex rel. Edmondson v. Henderson, 220 Tenn. 605, 421 S.W.2d 635, in rejecting the same insistence, the Court said:

"Although T.C.A. § 40-2310 provides that upon a plea of guilty, when the punishment is confinement in the penitentiary, a jury shall be impaneled to hear the evidence and fix the punishment, this is not a constitutionally afforded right, and is waived when a defendant, acting on advice of counsel enters a voluntary, knowledgeable plea of guilty, and allows a judgment of conviction to become final. And, moreover, does not exhaust appellate remedies afforded him. So far as we are aware, there is no state or federal holding that in addition to a voluntary, knowledgeable confession of guilt by a plea of guilty, there must also be proof of the guilt introduced before the jury. In Tennessee, the right under consideration is simply a statutory right, and may be waived. State v. Simmons, 199 Tenn. 479, 287 S.W.2d 71; McCord and Anglin v. Henderson, Warden, C.A. 6th Cir., 384 F.2d 135, opinion filed October 25, 1967."

And in McCord and Anglin v. C. Murray Henderson, 384 F.2d 135 (6th Cir. 1967), the Court said:

"The evidence given to the jury consisted mainly of a recital of facts made by the Tennessee District Attorney General. Counsel for each petitioner had stipulated to the correctness of such recital. Petitioners complain that only by producing before the jury eye witness or other direct evidence of guilt could the Tennessee procedure be obeyed. In affirming dismissal of the state habeas corpus proceeding, the Supreme Court of Tennessee discussed, without finding fault, the procedure followed in the State Court. We are of the opinion that if there was less than satisfactory compliance with Tennessee law in submitting evidence to the jury, it did not deny petitioners fair treatment or any fundamental constitutional right. Violation of a state statute does not, by itself, constitute deprivation of any right granted by the United States Constitution. Snowden v. Hughes, 321 U.S. 1, 11, 64 S.Ct. 397, 88 L.Ed 497, 504 (1944); Beck v. Washington, 369 U.S. 541, 554-555, 82 S.Ct. 955, 8 L.Ed.2d 98 (1962); Townsend v. Sain, 372 U.S. 293, 311-312, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963)."

See also, State ex rel. Barnes v. Henderson, supra, wherein the Court quoted approvingly the above quotation from McCord and Anglin v. Henderson, supra, and also said:

"The general rule is to the same effect:

'In general, a plea of guilty in a criminal case is not evidence and does not create evidence; but it does

dispense with evidence. Thus it is the general rule that it is not required in order to proceed to judgment, that the government produce evidence of guilt, or of the crime, or of the essential facts or elements thereof. Accordingly, accused, after pleading guilty, ordinarily cannot raise the issue of the sufficiency of the evidence.' 22 C.J.S. Criminal Law § 424(4)."

■ In the seventh Assignment of Error Shepard raises the question here, as he did in the petition, that he was not furnished an attorney at his preliminary hearing. Clearly, he was in no way prejudiced and no constitutional right of his was infringed by the fact that he was not represented by counsel at that time. There is no constitutional mandate requiring or granting a right to a preliminary hearing in this State. State ex rel. Phillips v. Henderson, 220 Tenn. 701, 423 S.W.2d 489; State ex rel. Carlson v. State, 219 Tenn. 80, 407 S.W.2d 165; State ex rel. Reed v. Heer, 218 Tenn. 338, 403 S.W.2d 310; Dillard v. Bomar, 342 F.2d 789 (6th Cir. 1965). Since a preliminary hearing is not a critical stage in a criminal prosecution in this State, and is not constitutionally required, an accused has no constitutional right to be represented by counsel at a preliminary hearing. State ex rel. Phillips v. Henderson, supra; State ex rel. Reed v. Heer, supra.

■ The insistence advanced in the fifth Assignment of Error that in their trial the petitioners were inadequately represented by counsel is refuted by their own testimony at their petition hearing, which establishes beyond any doubt that, as heretofore stated, their court-appointed counsel so diligently devoted his best efforts to their interests that he was able to negotiate for them

the minimum sentences provided by law for their crimes, one of which was a capital offense.

Remaining for consideration is Owens' contention raised in the petition and by appropriate Assignments of Error here, that as a 16-year-old juvenile when arrested he was deprived of his constitutional right to counsel at his juvenile court hearing, following which that court turned him over to the police to be dealt with as an adult.

In his testimony at the petition hearing, Owens testified that he was 16 years old at the time of his arrest; that he was taken before the juvenile court and told the probation officer there that he wanted to talk with his people and try to make arrangements for a lawyer to represent him "since I was going, since the case was going to criminal court," and asked him to try to get the case continued so that he would have time to talk to his mother and see about getting a lawyer; that he had been arrested and taken before the juvenile court on seven or eight misdemeanors previously; that at the juvenile hearing the detectives told the judge "that I did it," and that the case should be handled in the criminal court and he should be treated as an adult; that he asked the juvenile judge for a continuance and time to try to secure a lawyer; and that the judge told him that he didn't need a lawyer or any time to do anything; and that he was then remanded to the criminal court; that "they declared me 'corrigible.' They bound me over on the detectives word, because they said they thought I did it, they said they thought I did it."

Lieutenant Jack L. Ammons, of the Memphis Police Robbery Bureau, testified that he was present at Owens'

Juvenile court hearing; that Owens did not at that time ask for a lawyer, and if he had done so one would have been furnished to him; that evidence was heard upon probable cause as to armed robbery and he was remanded to the State.

This, in material substance, was the total evidence concerning Owens' appearance in the juvenile court. He takes the position that this proceeding was conducted under and pursuant to T.C.A. § 37-264, which provides in pertinent part:

"Child held for prosecution and sentencing as adult—Authority of court.—(1) The juvenile court after full investigation and hearing may order a child held for prosecution and sentencing as an adult in the court which would have jurisdiction if the child were an adult when:

(a) A child sixteen (16) years of age or over is alleged to have committed an act which would have been a felony if committed by an adult, and a finding is made by the juvenile court that the child is not reasonably susceptible to the corrective treatment in any available institution or facility within the state designed for the care and treatment of children or that the safety of the community requires the child to continue under restraint for a period extending beyond his twenty-first birthday."

According to Owens he was taken before the juvenile judge, where a proceeding was had without counsel to represent him, and he was remanded to the county authorities to be dealt with as an adult for his alleged offense of armed robbery. There is nothing in this record

to show that he was then charged with anything else. Thus, there is nothing whatsoever to suggest that the proceeding before the juvenile judge was conducted pursuant to T.C.A. § 37-264 to determine whether that court would waive its jurisdiction. Instead, inasmuch as Owens was only being accused or charged with armed robbery, the juvenile court proceeding was necessarily conducted pursuant to T.C.A. § 37-265 as it then existed, because armed robbery is one of the offenses enumerated in that statute as to which the juvenile court has no jurisdiction whatever and the jurisdiction is vested exclusively in the State courts.

T.C.A. § 37-265 now provides, insofar as is material here:

> "Remand of child suspected of rape, murder or robbery with deadly weapon.—If upon the investigation and hearing of any cause coming under the terms of this chapter, the judge of the juvenile court shall conclude that there is probable cause to believe that the child has been guilty of the crime of rape, murder in the first degree, murder in the second degree, except murder in the second degree resulting from the unlawful use and/or operation of a motor vehicle, assault and battery upon a female under the age of twelve (12) years with intent to unlawfully carnally know her, or robbery by the use of a deadly weapon, the court shall at once dismiss said cause and assume no further jurisdiction thereof than at once to remand said child to the sheriff of the county, to be dealt with for his alleged offense, as provided in criminal laws."

That statute, T.C.A. § 37-265, was amended in 1968 (Acts of 1968, Adjourned Session, Ch. 562) to add the

requirement of a *hearing* in the juvenile court. But Owens was arrested and taken before the juvenile court in May 1964 when no *hearing* was required and when the only requirement of the statute was that the juvenile judge make an *investigation* to determine probable cause.

In State ex rel. Donehue v. Russell, 221 Tenn. 609, 429 S.W.2d 818 (1967), the Court said:

"T.C.A. Section 37-264 provides, in certain enumerated cases, 'the juvenile court after full investigation and hearing may order a child held for prosecution and sentencing as an adult in the court which would have jurisdiction if the child were an adult.' Under this statute, the Juvenile Court has exclusive jurisdiction of certain crimes alleged to have been committed by a juvenile. Whether that court will waive jurisdiction for such alleged offenses is a matter of discretion after an investigation and hearing.

"T.C.A. Section 37-231, which was in effect during 1963, provided: [Now T.C.A. § 37-265, amended as noted and above quoted]

'If upon *investigation* of any cause coming under the terms of this chapter, the judge of the juvenile court shall conclude that there is probable cause to believe that the child has been guilty of the crime of rape, murder in the first degree, or murder in the second degree, the court shall at once dismiss said cause and assume no further jurisdiction thereof then [sic] at once to remand said child to the sheriff of the county, to be dealt with for his alleged offense, as provided in criminal law [sic].'

*"Under this Section,* the Juvenile Court had no jurisdiction which could have been waived. It was mandatory for the Juvenile Court to remand such juvenile to the Criminal Court.

"A preliminary *hearing* by the Juvenile Court was not required as a means of conferring jurisdiction upon the Criminal Court. Howland v. State, 151 Tenn. 47, 268 S.W. 115 (1924)." (Emphasis supplied)

And with respect to the other two charges of third degree burglary, Owens was indicted for those offenses after the juvenile court remanded him to the county authorities, and there can surely be no doubt that the Shelby County Criminal Court had plenary jurisdiction of the person and of the subject matter in those cases, as well as in the armed robbery case.

▮▮▮ Beyond that, upon this record there is a conclusive presumption that the trial court had jurisdiction of Owens and the subject matter at his original trial. This is so because, in the record before us, there is nothing to show Owens' minority and the juvenile court proceedings were raised *during his trial.* A judgment or decree of a court of general jurisdiction is not subject to collateral attack by parties or privies thereto except for the court's lack of jurisdiction over the person and the subject matter adjudicated upon, and the want of jurisdiction must be found in the record itself.

Absent anything in the record to impeach the right of a court to determine the questions involved, there is a conclusive presumption that it had full jurisdiction and authority to do so. Bomar v. State ex rel. Stewart, 201 Tenn. 480, 300 S.W.2d 885. In that habeas corpus

case, Stewart attacked his guilty-pleas convictions for kidnapping, armed robbery and grand larceny upon the ground that he was only 17 years of age at the time of his trial, and that the trial court did not have jurisdiction for the reason that the juvenile court had "original, exclusive jurisdiction," of persons under 18 years of age charged with a criminal offense. At his arraignment, he told the District Attorney and his court-appointed lawyer and the trial court that he was 18 years of age. For this reason his true age did not appear in either of the judgments or the record of the case in which the judgments were rendered, and thus neither the judgments nor the trial record disclosed any want of authority or jurisdiction in the trial court. The Supreme Court held that under these circumstances a collateral attack upon those judgments was not permissible, and that the evidence introduced on the hearing of a habeas corpus petition showing that Sewart was only 17 years old at the time of the rendition of those judgments should not have been considered. The judgment of the trial court granting the writ of habeas corpus was reversed and the petition was denied.

The same principles preclude consideration of Owens' testimony in his habeas corpus hearing regarding his minority at the time of his arrest and his trial. Neither of the original judgments pronouncing sentence against him, nor the record of that trial, was introduced in the habeas corpus hearing. So that, as in Bomar v. Stewart, supra, there is nothing in the record of the hearing before us to show that the trial court lacked jurisdiction to try Owens and pronounce those judgments. Indeed, neither in his habeas corpus petition nor at the hearing thereon,

nor in this Court, does he make any insistence that any question concerning his age or the juvenile court proceedings was raised in his trial wherein he entered a guilty plea to each of the indictments. He may not raise those questions collaterally now. Bomar v. Stewart, supra; Jackson v. Johnson, 364 F.2d 233 (6th Cir. 1966).

Moreover, under the authorities hereinabove cited concerning the legal effect and import of a voluntary plea of guilty, and there being no arguable question about the trial court's jurisdiction of the person and subject matter in Owens' original trial, all alleged prior defects in the proceedings against him, if any, including the alleged right to and denial of counsel in the juvenile court hearing, were waived by his voluntary guilty pleas to the indictments and he is now precluded from raising any such alleged prior unconstitutional infringement of his rights by collateral attack upon his conviction. Reed v. Henderson, and Jackson v. Johnson, supra.

In Jackson v. Johnson, supra, the Court held that an indigent juvenile who was not provided with counsel at the juvenile court hearing under T.C.A. § 37-265 and was remanded to the Shelby County Criminal Court to be dealt with as an adult upon charges of murder and rape, and who was represented in his trial by court-appointed counsel and voluntarily pleaded guilty, was not deprived of any constitutional right.

And in an unpublished opinion of our Supreme Court in Billy Joe Davis and William Irvin Gentry v. State, filed July 21, 1967, the Court said:

"T.C.A. § 37-231 [T.C.A. § 37-265] provides that the

only function of a Juvenile Court Judge, when there is probable cause to believe a child has been guilty of the crime of rape, is to dismiss the cause and remand said child to the Sheriff. Thus, no purpose would have been served by providing the defendant Gentry with counsel in that court."

Although it is recognized that in this State an unpublished opinion of a court is not to be regarded as general authority (Ford v. State, 184 Tenn. 443, 201 S.W.2d 539; Board of Commissioners of Union City v. Obion County, 188 Tenn. 666, 222 S.W.2d 7; Southern Railway Co. v. Foote Mineral Co., 384 F.2d 224 (6th Cir. 1967), and that our Supreme Court does not encourage citing the unpublished opinions of its members (Phoenix Cotton Oil Co. v. Royal Indemnity Co., 140 Tenn. 438, 443, 205 S.W. 128), the opinion in Billy Joe Davis and William Irvin Gentry v. State, supra, is grounded in reason and is persuasive in a case where, as there and here, the statute as then written did not require the juvenile judge to conduct a formal *hearing*.

It follows ineluctably, contrary to Owens' insistence, that no *Gault* question was or is or can be involved in his case. And we are, therefore, not called upon or authorized to consider here whether retroactive effect must be given to the right-to-counsel decision in In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527. That case involved only a delinquency hearing in the juvenile court, under a statute similar to T.C.A. § 37-264.

Still another insurmountable obstacle confronts Owens. According to him, he was born February 23, 1948. He and Shepard filed their joint habeas

corpus petition on June 12, 1967, at which time he was more than 19 and one-fourth years of age, well beyond the juvenile age and no longer amenable to the jurisdiction of the juvenile court. All other questions aside, obviously it would irreparably rend the fabric of the law to reverse his convictions now upon the theory that his juvenile court hearing abridged his constitutional rights, when, in fact, he is no longer a juvenile and is not now subject to the jurisdiction of the juvenile court and would not now be entitled to go back to that court for an initial hearing. The legislative intent and policy expressed in the Juvenile Court Act do not contemplate protection of those whose age places them beyond its reach. In Bomar v. Stewart, supra, the Court said:

"The public policy declared by the Legislature with reference to persons under eighteen (18) years of age is that such person shall not be 'brought into contact with or confined in any enclosure with adult convicts or prisoners' while his or her case is pending, etc. It may be that this Court in many cases involving a juvenile will feel the necessity of making an exception to this rule denying collateral attack in order to carry out this public policy purpose. But to depart from that rule in this case would not accomplish that purpose. This petitioner has been confined under the authority of these judgments with adult convicts and prisoners for some eighteen (18) months and is *well beyond the age limit of eighteen* (18) *years which the legislature had in mind in its declaration of public policy."* (Emphasis supplied)

For the reasons stated, all Assignments of Error are overruled and the judgment of the trial court is affirmed.

This case was heard and submitted to the Court prior to enactment of Chapter 330 of the Public Acts of 1969 increasing the membership of the Court.

WALKER, P. J., and GALBREATH, J., concur.