**William Irvin GENTRY, Petitioner,**

v.

**William S. NEIL, Warden, etc., Respondent.**

**Civ. A. No. 2477.**

United States District Court, E. D. Tennessee, Northeastern Division.

April 7, 1970.

William Irvin Gentry, pro se.

Elmer D. Davies, Jr., Asst. Atty. Gen. for the State of Tennessee, Nashville, Tenn., for respondent.

## MEMORANDUM OPINION

NEESE, District Judge.

This is an application for the federal writ of habeas corpus. The petitioner Mr. Gentry claims that he is in custody of the respondent warden of the Tennessee state penitentiary pursuant to the judgment of the Criminal Court of Greene County, Tennessee in violation, *inter alia*, of his right to the due process of Tennessee law guaranteed to him by the Constitution, Fourteenth Amendment. When the respondent failed or neglected to show cause why the writ should not issue, as directed by the Court, the writ was issued; and a hearing was held by this Court on April 6, 1970 on the issue

of whether the Criminal Court of Greene County, Tennessee had jurisdiction to impose judgment of incarceration upon the petitioner in 1966.

The gravamen of the petitioner's claim is that he was a juvenile at the time of his arrest on January 8, 1966; that Tennessee law at that time required that he be taken for investigation before the juvenile judge of Greene County, Tennessee, upon whom rested the duty to determine whether there was probable cause to believe that he had been guilty of the crime of rape, and if so, at once to dismiss the cause and assume no further jurisdiction thereof, other than to remand him at once to the sheriff of said county, to be dealt with for his alleged offense, as provided in the criminal laws of Tennessee; that he was not taken before such juvenile judge for such preliminary examination, but was dealt with for his alleged offense as provided by such criminal laws; and, that, because such juvenile judge made no determination that there was probable cause to believe that he was guilty of the crime of rape, the jurisdiction of the Criminal Court of Greene County, Tennessee was never invoked to try, convict and sentence him for that crime.

■ This contention is without merit. " * * * A preliminary hearing by the Juvenile Court was not required as a means of conferring jurisdiction upon the Criminal Court. * * * " State ex rel. Donehue v. Russell (1967), 221 Tenn. 609, 616 [2], 429 S.W.2d 818, 822, rehearing denied (1967). T.C.A. title 37, ch. 2, gives the judge of the juvenile court exclusive jurisdiction of all cases coming within the terms of that chapter, except those involving certain denominated felonies, including rape. T.C.A. § 37-264. That Act does not prohibit the trial of a child of juvenile age for the crime of rape. " * * * The provision in the act which authorizes and requires the juvenile court to remand the child when it shall appear that there is probable cause to believe it guilty of the crime of rape * * *, to dismiss the cause and remand the child to the sheriff of the county to be dealt with, is intended only

to facilitate the jurisdiction of the criminal court over such offense * * * where the child has been arrested under the provisions of the act. This provision of the act strengthens the construction that the [criminal] court alone has jurisdiction of offenses of rape * * * by juveniles, and it in no way repeals or modifies the general provision of the criminal law with respect to offenses of this character.

" * * * Cases of * * * rape are not within the terms of the act, and the preliminary examination by the juvenile court was not required as a means of conferring jurisdiction upon the criminal court. Templeton v. State, *supra* [146 Tenn., 272, 240 S.W. 789]. * * * " Howland v. State (1924), 151 Tenn. 47, 50–51 (headnote 1), 268 S.W. 115.

■ The petitioner claims also that his arrest was illegal. He was arrested on information supplied police officers by his victim and his codefendant. This information that a felony had been committed, and that the petitioner had committed it, sufficed to justify the officers' arresting the petitioner on probable cause without an arrest warrant. T.C.A. § 40–803(3).

It appearing from the petitioner's application that he is entitled to no relief, 28 U.S.C. § 2242, for the reasons assigned herein, judgment will enter dismissing his petition of January 14, 1970.