ORLAND PATRICK ADAMS, Plaintiff in Error,
v. STATE OF TENNESSEE, Defendant in Error.
—467 S.W.2d 841.

March 11, 1971.

Certiorari Denied by Supreme Court May 3, 1971.

Hugh W. Stanton, Jr., Memphis, for plaintiff in error.

David M. Pack, Attorney General, Everett H. Falk, Assistant Attorney General, Nashville, Thomas F. Graves, Assistant District Attorney General, Memphis, for defendant in error.

OLIVER, J.   Orland Patrick Adams, the petitioner below, indigent and represented there and here by the Shelby County Public Defender appointed by the court, an inmate of the State Penitentiary where he is serving two concurrent 99-year first-degree-murder sentences adjudged upon his guilty-plea convictions in the Shelby County Criminal Court on November 26, 1956, appeals to this Court from the judgment of that court dismissing his petition filed under the Post-Conviction Procedure Act (TCA secs. 40-3801, et seq.) after an evidentiary hearing in which only the petitioner testified.

In this petition, his first during 13 years in the penitentiary, the petitioner says that his guilty pleas were not entered freely and voluntarily because his attorney advised him he would receive the death penalty if he did not plead guilty; that he "did not know or understand the charges pending against him, the consequences of his guilty pleas or the range of sentences he could receive, his eligibility for parole, or how much time he would have to serve before being eligible for parole"; and that in accepting his guilty pleas the trial judge "did not inquire of the petitioner if he understood the seriousness of the charges, the consequences of his guilty pleas, and if the guilty pleas were in fact entered freely and voluntarily, without coercion, incomprehension, fear, ignorance, and

the trial judge did not advise petitioner of the range of sentences he could receive"; that "the record is silent as to these questions and waiver cannot be presumed from a silent record"; and that, since he did not testify or offer any proof at his trial, neither the trial judge nor the jury had any basis upon which to decide "just what degree of murder was committed or what degree of murder the petitioner was guilty of in the first place." In his Assignments of Error here he advances the same contentions and insists that the trial court erred in dismissing his petition.

At the hearing upon this petition, the petitioner testified that in his trial he was represented by retained counsel, the late Judge W. Preston Battle who at that time was a practicing attorney in Memphis and "was a highly qualified attorney, and I realize that"; that his attorney had advised "my people" regarding the possibility of a death sentence, and "I knew that I could receive the chair, yes"; that he and his attorney had discussed the matter and that he came to court on the morning of the trial with the purpose in mind of pleading guilty; that no one mistreated him or forced him in any way to plead guilty, and that he did so voluntarily, knowing that he would receive two 99-year concurrent sentences; that he did not tell his attorney or the trial judge that he had changed his mind and did not wish to plead guilty; that the trial proceeded in accordance with his agreement with his attorney; that he did not understand the difference between first degree and second degree murder; that his principal complaint is that he received too much time, and now believes if he had gone to trial he could have gotten a lesser sentence on a lesser charge; and that the

prosecuting attorney made a statement to the jury regarding the facts involved in each of the two murders. Asked whether the purpose of his petition was to challenge his guilt, the petitioner answered, "I am guilty, no, sir, I am guilty."

Thus, as the trial judge found, the petitioner not only failed to carry the burden of proof resting upon him to establish his allegations challenging the validity of his convictions and sentences, Shepard and Owens v. Henderson, Tenn.Cr.App., 449 S.W.2d 726; Morgan v. State, Tenn.Cr.App. 445 S.W.2d 477; State ex rel. Lawrence v. Henderson, Tenn.Cr.App., 433 S.W.2d 96, but by his own testimony he unquestionably negated each and every ground of his petition.

■ The record before us leaves no doubt whatsoever that at his original trial this petitioner, realizing fully the seriousness of the charges and the severity of the punishment provided by law, recognized that it was to his great advantage to accept the sentences which his able retained counsel had been able to negotiate with the District Attorney General, and intelligently and understandingly and voluntarily decided to plead guilty and accept those concurrent sentences, concurring in the sage advice of his attorney, fully cognizant that by doing so he thereby obviated the possibility of receiving the supreme penalty which confronted him in a trial upon pleas of not guilty.

"The rule has long been firmly established and settled that a plea of guilty, understandingly and voluntarily entered on the advice of counsel constitutes an admission of all facts alleged and a waiver of all non-jurisdictional

and procedural defects and constitutional infirmities, if any, in any prior stage of the proceeding.

"The law is also settled that a guilty plea is not rendered involuntary by the fact that the accused is faced with an election between a possible death sentence on a plea of not guilty and a lesser sentence upon a guilty plea.

\*     \*     \*     \*     \*     \*

"The fact that the petitioners were represented by competent counsel at the time they entered their guilty pleas is 'a factor which strongly militates against the conclusion that the plea was involuntary.' " Shepard and Owens v. Henderson, Tenn.Cr.App., 449 S.W.2d 726.

Lastly, we comment upon the petitioner's wholly untenable contention that because he did not testify or offer any evidence in his trial, the judge and jury could not determine the degree of the murders. The law is settled that a guilty-plea conviction is based entirely upon the plea. Such a plea constitutes a conviction in and of itself and is conclusive. Shepard and Owens v. Henderson, supra. It is a conviction of the highest order. 4 Wharton's Criminal Law & Procedure, secs. 1900, 1901, 2247.

In Shepard and Owens v. Henderson, supra, this Court also said:

"\* \* \* But this contention is foreclosed upon other grounds. In State ex rel. Edmondson v. Henderson, 220 Tenn. 605, 421 S.W.2d 635, in rejecting the same insistence, the Court said:

'Although T.C.A. sec. 40-2310 provides that upon a plea of guilty, when the punishment is confinement in the penitentiary, a jury shall be impaneled to hear the evidence and fix the punishment, this is not a constitutionally afforded right, and is waived when a defendant, acting on advice of counsel enters a voluntary, knowledgeable plea of guilty, and allows a judgment of conviction to become final. And, moreover, does not exhaust appellate remedies afforded him. So far as we are aware, there is no state or federal holding that in addition to a voluntary, knowledgeable confession of guilt by a plea of guilty, there must also be proof of the guilt introduced before the jury. In Tennessee, the right under consideration is simply a statutory right, and may be waived. State v. Simmons, 199 Tenn. 479, 287 S.W.2d 71; McCord and Anglin v. Henderson, Warden, C.A. 6th Cir., 384 F.2d 135, opinion filed October 25, 1967.'

''And in McCord and Anglin v. C. Murray Henderson, 384 F.2d 135 (6th Cir. 1967), the Court said:

'The evidence given to the jury consisted mainly of a recital of facts made by the Tennessee District Attorney General. Counsel for each petitioner had stipulated to the correctness of such recital. Petitioners complain that only by producing before the jury eye witness or other direct evidence of guilt could the Tennessee procedure be obeyed. In affirming dismissal of the state habeas corpus proceeding, the Supreme Court of Tennessee discussed, without finding fault, the procedure followed in the State Court. We are of the opinion that if there was less

than satisfactory compliance with Tennessee law in submitting evidence to the jury, it did not deny petitioners fair treatment or any fundamental constitutional right. Violation of a state statute does not, by itself, constitute deprivation of any right granted by the United States Constitution. Snowden v. Hughes, 321 U.S. 1, 11, 64 S.Ct. 397, 88 L.Ed. 497, 504 (1944); Beck v. Washington, 369 U.S. 541, 554-555, 82 S.Ct. 955, 8 L.Ed.2d 98 (1962); Townsend v. Sain, 372 U.S. 293, 311-312, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).'

"See also, State ex rel. Barnes v. Henderson, [220 Tenn. 719, 423 S.W.2d 497] supra, wherein the Court quoted approvingly the above quotation from McCord and Anglin v. Henderson, supra, and also said:

'The general rule is to the same effect:

"In general, a plea of guilty in a criminal case is not evidence and does not create evidence; but it does dispense with evidence. Thus it is the general rule that it is not required in order to proceed to judgment, that the government produce evidence of guilt, or of the crime, or of the essential facts or elements thereof. Accordingly, accused, after pleading guilty, ordinarily cannot raise the issue of the sufficiency of the evidence." 22 C.J.S. Criminal Law sec. 424(4)'."

See also: State ex rel. Adams v. Norvell, Tenn.Cr.App., 448 S.W.2d 454 and State ex rel. Lawrence v. Henderson, *supra.*

Let the judgment of the trial court be affirmed.

Galbreath and Mitchell, JJ., concur.