JOHN RONALD BLANKENSHIP, Appellant, v.
STATE OF TENNESSEE and LEWIS TOLLETT,
Warden, Respondents.—469 S.W.2d 530.

March 11, 1971.

Certiorari Denied by Supreme Court June 7, 1971.

Russell X. Thompson, Memhis, for appellant.

David M. Pack, Attorney General, Thomas E. Fox, Deputy Attorney General, Nashville, Thomas F. Graves, Assistant District Attorney General, Memphis, for respondents.

O'BRIEN, J. The appellant, John Ronald Blankenship, referred to hereinafter as petitioner, or by name, appeals from dismissal of his petition for a Writ of Habeas Corpus by the Shelby County Criminal Court, without an evidentiary hearing.

Petitioner was convicted of robbery with a deadly weapon and sentenced to ten (10) years in the penitentiary. On appeal, with appointed counsel, this Court affirmed the conviction. A previous Petition for Writ of Habeas Corpus has been denied.

The petition filed in this cause is styled "Petition for Writ of Habeas Corpus", and was properly treated by the trial court as an application for relief coming within the purview of the Post-Conviction Procedure Act. T.C.A. Sec. 40-3808.

Assignments of error are made:

1. Petitioner was denied a complete transcript of the trial proceeding in that the transcript omitted the district attorney general's argument to the jury.

2. The assistant attorney general's argument to the jury was highly inflammatory and prejudicial to the petitioner.

3. The petitioner's defense counsel at his trial, a court appointed public defender, and the court reporter were "state agents" and their failure to provide a complete transcript of the argument of the assistant attorney general deprived petitioner of his rights, through state action to an adequate apellate review.

The assignments of error may be considered together, and must be overruled.

■ It is within the province of the trial court, in a proper case, to dismiss proceedings of this nature without an evidentiary hearing. T.C.A. Sec. 40-3809.

■ The allegation that the trial transcript did not include the State's jury argument, and that the transcript without the argument was wrongly approved by appointed counsel, does not per se allege a constitutional rights deprivation. Jury argument should only be included when it is relevant to an objection made upon the trial. Contemporaneous objection is a necessary condition precedent to raising any question about jury argument upon appeal. See Hunter v. State, 222 Tenn. 672, 440 S.W.2d 1, and cases cited therein. There is no allegation that the argument was objected to. In that context, under Supreme Court Rules 1 and 5, duly adopted as the rules of this Court, the record should have been so abridged and the argument excluded. Appointed counsel have the same function in such a situation as hired

counsel, and it was not a constitutional rights violation for appointed counsel to approve the transcript without the argument.

▮ The allegation that portions of the argument were "prejudicial" is a mere conclusion of the pleader, and conclusory allegations without supporting facts do not give rise to a right to relief post-conviction. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148.

▮ We would also observe that an improper argument question is one that was either raised and hence previously determined or waived upon the trial and direct appeal. If it wasn't raised, it was waived. A petitioner cannot be allowed to stand idly by and register no objection when our procedure requires that it be done, and then rely upon such neglected ground for the first time in a post-conviction proceeding. See Doyle v. State, 3 Tenn.Cr. App. 171, 458 S.W.2d 637.

At his trial, Blankenship was represented by two attorneys of the Memphis Bar. It is not clear from the record whether both were appointed counsel, however, both were recognized as able, competent lawyers, skilled in criminal practice, and known as capable trial lawyers.

▮ In State ex rel. Leighton v. Henderson, Tenn.Cr. App., 448 S.W.2d 82, the Opinion by Judge Oliver of this Court, citing authorities from many jurisdictions, contains a scholarly analysis of the requirements imposed upon appointed counsel in providing effective assistance to an indigent defendant. In the course of a trial, many legal situations occur which present choices in many directions. The lawyer must decide which course to take. He is

not required to be infallible. An indigent defendant is entitled to no greater and no less representation than one with retained counsel. We conclude that defendant was adequately represented at his trial by counsel who rendered competent and effective assistance.

 This Court has previously held in Brown v. State, Tenn.Cr.App., 445 S.W.2d 669, that the provisions of T.C.A. Secs. 40-3806, 40-3814, and 40-3818, are mandatory as they prescribe duties of the trial court clerk, the district attorney general, and the trial court. We emphasize these principles for the purpose of reiterating the obligation of trial courts, and accessory agencies, in the processing of post-conviction proceedings to assure that these matters may be brought to their ultimate conclusion with the greatest expedition.

The judgment of the trial court is affirmed.

Mitchell and Russell, JJ., concur.