# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### August 12, 2003 Session

## FRANK ROBERT BIGSBY v. STATE OF TENNESSEE

### Appeal from the Circuit Court for Rutherford County
### No. F-50657     James K. Clayton, Jr., Judge

### No. M2002-02260-CCA-R3-PC - Filed December 11, 2003

The Appellant, Frank Robert Bigsby, appeals the Rutherford County Circuit Court's dismissal of his petition for post-conviction relief. The sole issue in this appeal is whether Bigsby was denied the effective assistance of counsel. We are precluded, however, from reviewing this issue based upon the post-conviction court's failure to make discernable findings of fact and conclusions of law, as required by Tennessee Code Annotated § 40-30-111(b) (2003). Accordingly, this case is remanded for further proceedings consistent with this opinion.

### Tenn. R. App. P. 3; Judgment of the Circuit Court Reversed and Remanded.

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH, J., joined; GARY R. WADE, P.J., filed a dissenting opinion.

Brad W. Hornsby and Aaron S. Guin, Bullock, Fly, Hornsby, Murfreesboro, Tennessee, for the Appellant, Frank Robert Bigsby.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; P. Robin Dixon, Jr., Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; and John W. Price, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On November 5, 1998, a Rutherford County jury convicted the Appellant of possession of cocaine with intent to deliver, a class B felony. The trial judge sentenced the Appellant to twenty-five years, as a Range III persistent offender. On direct appeal, a panel of this court found that the evidence was sufficient to sustain the verdict based upon the testimony of the co-defendant, Willie Martin. *State v. Bigsby*, 40 S.W.3d 87, 91 (Tenn. Crim. App. 2000), *perm. to appeal denied*, (Tenn. 2001).

On May 10, 2001, the Appellant filed a fourteen-page *pro se* petition for post-conviction relief. After the appointment of counsel, an amended petition was filed on July 16, 2001. The amended petition alleges that trial counsel rendered ineffective assistance in sixteen ways. After conducting an evidentiary hearing, the post-conviction court dismissed the petition. The court's order recites, in its entirety:

> The court finds that the Defendant was properly represented and that [trial counsel] did a good job. This was the first criminal trial that [trial counsel] had and she did do a good job. Every attorney has to start somewhere. The law does not require attorneys to be perfect.

On appeal, the Appellant challenges this ruling, arguing that he received ineffective assistance, in the following ways: (1) Trial counsel failed to object to the co-defendant's testimony as being non-responsive to the prosecutor's question. The prosecutor asked, "Why did you come to Murfreesboro?" Martin answered, "We came to sell drugs." The Appellant argues this non-responsive answer was prejudicial as it placed the Appellant at the scene of the crime with intent. (2) Trial counsel's failure to object to the suggestion that the Appellant committed statutory rape prejudiced the Appellant because it implied that the Appellant was morally wrong and that he had committed a separate crime. (3) Trial counsel failed to inform the Appellant of the possibility that, if convicted, he might serve twenty-five years as a persistent offender. This was prejudicial because it took away his ability to make an informed decision as to whether to accept the plea offer of eight years, with service of only six months. (4) Trial counsel failed to object to the admission into evidence of the "evidence seizure" log, which could have misled the jury into concluding that the Appellant's signature on the log was an admission that he was in possession of the illegal substance. (5) Trial counsel was ineffective for failing to investigate the co-defendant's lengthy criminal record and use his thirty-six prior convictions to impeach his credibility. (6) Trial counsel failed to interview the co-defendant until the day of trial and failed to obtain a copy of Martin's guilty plea, which implicated the Appellant in the offense.

## ANALYSIS

To demonstrate ineffective assistance of counsel, the Appellant must show (1) deficient performance and (2) prejudice resulting from the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). In this type of proceeding, "a trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)).

When determining the merits of a post-conviction petition, the Post-Conviction Procedure Act requires the post-conviction court to make written findings of fact and conclusions of law. Tennessee Code Annotated § 40-30-111(b) (2003) mandates:

Upon the final disposition of every petition, the court shall enter a final order, and except where proceedings for delayed appeal are allowed, shall set forth in the order or a written memorandum of the case all grounds presented, and shall state the findings of fact and conclusions of law with regard to each such ground.

The use of the word "shall" clearly indicates the Tennessee General Assembly intended that the duty of the post-conviction court to make findings of fact is mandatory. *Sykes v. State*, 477 S.W.2d 254, 260 (Tenn. Crim. App. 1971); *Brown v. State*, 445 S.W.2d 669, 671 (Tenn. Crim. App. 1969). Not only do the post-conviction court's findings facilitate appellate review but, in many cases, are necessary for such review. *George Tate v. State*, No. 02C01-9108-CR-00170 (Tenn. Crim. App. at Jackson, May 20, 1992), *perm. to appeal denied*, (Tenn. Sept. 14, 1992). In the absence of oral findings, the failure of the post-conviction court to include its findings of facts in its order dismissing the petition requires reversal of the order. *State v. Higgins*, 729 S.W.2d 288, 290-91 (Tenn. Crim. App. 1987). Moreover, where questions of law are presented, negating the need for the finding of fact, the post-conviction court must still show all grounds presented and the conclusions with regard to each of them. *Little v. State*, 469 S.W.2d 537, 538 (Tenn. Crim. App. 1971). Where the post-conviction court fails to make "a clear and detailed finding of fact," either orally[1] or on the record, the appellate court is "at a complete loss to know the basis of the trial judge's decision and judgment; assignments of error [now issues] and appellate review are seriously frustrated if not completely thwarted by lack of a definitive finding of fact by the trial judge." *David Brooks v. State*, No. 03C01-9507-CR-00204 (Tenn. Crim. App. at Knoxville, Oct. 9, 1996) (citing *Brown*, 445 S.W.2d at 671)).

In the case before us, the post-conviction court failed to make discernable findings of disputed facts relating to the Appellant's claims of ineffective assistance of counsel. The record is

---

[1]The record reflects that, while the post-conviction court did make an oral pronouncement from the bench on July 24, 2002, this pronouncement was inadequate. The court's comments were essentially the same as expressed in its written order:

> At any rate, I feel that under the circumstances, that Mr. Bigsby was properly represented. And, again, I don't think that the State is required to give a perfect representation. If so, we'd never be able to get a case tried with appointed counsel. And I do think that [trial counsel] was certainly competent as far as the average attorney is concerned. And I think she did a good job.
>
> I'm going to overrule his . . . motion.

Defense counsel then requested the post-conviction court to make specific findings on the record. In attempting to address the issue of impeachment of co-defendant Martin, the post-conviction stated, "Well, like I said, Mr. Martin testified favorably on some of the things as well as unfavorably on some on the things. And it kind of strikes me as being strategy as much as anything else." When pronouncing this finding, the court did not comment on whether trial counsel adequately investigated Martin's criminal record or whether she questioned Martin to any degree about his prior convictions at trial. Rather, the court simply stated, "I'll let the transcript speak for itself. There again, I think that we're talking about strategy, and that would be my ruling." However, during the post-conviction hearing, the court stated, "I don't want to read the whole [transcript.]" These oral findings are insufficient to effectuate any meaningful review of the Appellant's ineffective assistance claim on this or any other ground.

devoid of several findings critical to our review.  These findings include, but are not limited to: (1) whether the co-defendant's answer was non-responsive; (2) whether there was an improper suggestion at trial that the Appellant committed statutory rape; (3) whether the Appellant received adequate plea bargaining advice; (4) whether the Appellant's signature on the "evidence seizure" log, which was admitted into evidence without objection, indicated to the jury that he was in possession of the cocaine; (5) whether trial counsel adequately investigated co-defendant Martin's criminal record and used that record to impeach his credibility; (6) whether trial counsel timely interviewed the co-defendant and obtained a copy of his guilty plea; and (7) whether the Appellant suffered prejudice as a result of any alleged error.  Without sufficient factual findings, we have no way of addressing the merits of the Appellant's claim. Accordingly, we remand this case for entry of written findings of fact and conclusions of law on all issues presented, as required by Tennessee Code Annotated § 40-30-111(b).

_____
DAVID G. HAYES, JUDGE